Castel/J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------)
SELWYN SILBERBLATT, On Behalf of )
Himself and All Those Similarly Situated, )   **ECF CASE**
)
                Plaintiff, )   No. 05-CV-7569 (PKC)
)
vs. )
)
)
MORGAN STANLEY and )
MORGAN STANLEY DW INC., )
)
                Defendants. )
)
------------------------------------------------)

| USDS SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 11/27/07 |

PKC

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the 24th day of September, 2007, a hearing having been held before this Court to determine: (a) whether the above-captioned class action (the "Action") satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23; (b) whether the terms of the proposed settlement ("Settlement") described in the Stipulation and Agreement of Settlement, filed with this Court on June 11, 2007 (the "Stipulation"), are fair, reasonable and adequate, and should be approved by the Court; (c) whether the proposed plan to distribute the Proposed Allocation of the Settlement Fund (the "Plan of Allocation") is fair and reasonable and should be approved by the Court; (d) whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Amended Class Action Complaint (the "Complaint") on the merits and with prejudice, and to determine whether the release by the Class of the Released Parties, as set forth below, should be ordered; (e) whether the application of Plaintiffs' Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; (f) whether the class representative's application for an award for time and effort

expended and reimbursement of expenses incurred in the prosecution of this Action; and (f) such other matters as the Court may deem appropriate, and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that a Notice of Pendency of Proposed Class Action Settlement (the "Settlement Notice") substantially in the form approved by the Court in the Preliminary Order (as defined below) was mailed to all persons and entities reasonably identifiable who purchased and stored physical precious metals (*i.e.*, gold, silver, platinum or palladium) from and through Morgan Stanley DW Inc. (and its predecessors) ("MSDW") during the period of February 19, 1986 through and including January 10, 2007 (the "Class Period"), except those persons and entities excluded from the definition of the Class; and

It appearing that a Summary Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing (the "Summary Notice") substantially in the form approved by the Court in the Preliminary Order was published in *The Wall Street Journal* on August 15, 2007 pursuant to the specifications of the Court; and

The Court having considered the fairness and reasonableness of the award of attorneys' fees and expenses and class representative's award for time and effort and reimbursement of expenses requested; and the Court having rendered its Memorandum and Order dated November 19, 2007;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Class members and Defendants.

2. As used herein, the following terms shall have the same meanings as set forth and defined in the Stipulation:

a. "Action" means the above-captioned action.

b. "Authorized Claimant" means any Class member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

c. "Cash Settlement Fund" shall mean the $1.5 million plus interest earned thereon.

d. "Claimant" means any Class member who submits a Proof of Claim and Release ("Proof of Claim") in such form and manner, and within such time as the Court shall prescribe.

e. "Claims Administrator" means The Garden City Group, Inc., which shall administer the Settlement.

f. "Class" or "Class members" means all persons who, during the Class Period signed the CDS and who thereafter purchased physical precious metals from and through MSDW, and who paid storage fees to MSDW in connection with the storage of such precious metals. Excluded from the Class are Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the persons and/or entities who timely and properly requested exclusion from the Class as listed on Exhibit A attached hereto.

g. "Class Period" means, for the purposes of this Settlement only, the period of time from February 19, 1986 through January 10, 2007, inclusive.

h. "Court" means the United States District Court for the Southern District of New York, where this Action is pending.

i.  "Customer Disclosure Statement" or "CDS" means the Customer Disclosure Statement for Precious Metal Cash Accounts that each of the Class members was required to sign in order to purchase precious metals from and through MSDW and contained the governing terms and conditions for precious metals transactions.

j.  "Defendants" means Morgan Stanley and Morgan Stanley & Co. Incorporated (as successor to Morgan Stanley DW Inc. (and its predecessors) ("MSDW")) (collectively, "Morgan Stanley").

k.  "Defendants' Counsel" means the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP.

l.  "Escrow Agent" means Plaintiffs' Lead Counsel, Schoengold Sporn Laitman & Lometti, P.C.

m.  "Lead Counsel" or "Plaintiffs' Counsel" means the law firm of Schoengold Sporn Laitman & Lometti, P.C.

n.  "Lead Plaintiff" or "class representative" means plaintiff Selwyn Silberblatt.

o.  "Net Settlement Fund" means the Cash Settlement Fund, less Administration Expenses, Counsel Fees and Expenses, and any class representative award for time and effort expended and reimbursement for expenses incurred in the prosecution of this Action permitted by the Court, Notification Costs, and any Taxes and Tax Expenses, as defined hereinafter in Paragraph 2(f), payable from the Cash Settlement Fund. The Net Settlement Fund shall be distributed to the Authorized Claimants for the settlement of their claims.

p.  "Notice and Administration Fund" means the amount, not to exceed $100,000, Escrow Agent is authorized to advance from the Cash Settlement Fund to cover the costs of

notice and related Settlement administrative expenses upon the deposit by Defendants into the Escrow Account.

q. "Order and Final Judgment" means this order and final judgment entered approving the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

r. "Precious Metals" means gold, silver, platinum and palladium in bullion, bar or coin format.

s. "Released Claims" means any and all known and unknown claims, that were asserted or could have been asserted in the Action by Plaintiffs or members of the Class against the Released Parties, under state or federal law, including without limitation all claims arising out of, or relating to, in whole or in part, the purchase and storage of physical precious metals from and through Morgan Stanley & Co. Incorporated (and its predecessors) by its retail customers.

t. "Released Parties" means Defendants, as well as each of their present or former parents, subsidiaries, affiliates, successors and assigns, and the present or former officers, directors, employees, agents, attorneys, accountants, financial advisors, representatives, associates, general and limited partners and partnerships, of each of them, and the heirs, executors, administrators, successors and assigns of each of them.

u. "Remedial Consideration" shall mean the economic and remedial benefits that Plaintiff claims Defendants have undertaken and/or will undertake as a result of business considerations, including the institution and the prosecution of this Action.

v. "Settlement" means the terms of settlement of the Action agreed to hereby and any accompanying exhibits, including any subsequent amendments thereto and any exhibits to such amendments.

w. "Settlement Fairness Hearing" means the hearing held by the Court to consider final approval of the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

x. "Settlement Fund" means the Cash Settlement Fund and the Remedial Consideration.

y. "Settling Parties" means Lead Plaintiff on behalf of the Class together with the Defendants.

z. "Storage Fees" means the amount charged to customers by MSDW for storage of precious metals.

aa. "Unknown Claims" means any and all Released Claims which Lead Plaintiff and/or any Class member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Lead Plaintiff shall, and each Class member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by law of any state or territory of the United States, federal law, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Lead Plaintiff and/or Class members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff intends, and Class members are deemed to have intended

for the release of the Released Claims to be effective without regard to the subsequent discovery or existence of such different or additional facts and for it to extend to Unknown Claims. The release of the Released Claims is intended to be a full and binding release of all Released Claims, including Unknown Claims, and shall be construed broadly to effect that purpose.

3. The Court, by its Order dated October 18, 2006, certified a class consisting of all persons who entered into contracts to purchase precious metals from and through MSDW during the period of February 19, 1986 through August 26, 2005, finding that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. By its Order dated June 14, 2007, the Court redefined the class period as February 19, 1986 through and including January 10, 2007 for settlement purposes.

4. The Court hereby finds that the notice provided to the Class provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation of Net Settlement Fund, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law. A full opportunity has been offered to the Class members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Class members who did not elect to exclude themselves by written communication postmarked or delivered on or before September 14, 2007 are bound by this Order and Final Judgment.

5. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies the Action as a class action on behalf of all persons who, during the Class Period, signed the Customer Disclosure Statement and who

7

thereafter purchased physical precious metals from and through MSDW, and who paid storage fees to MSDW in connection with the storage of such precious metals (the "Class"). Excluded from the Class are Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the persons and/or entities who timely and properly requested exclusion from the Class as listed on Exhibit A attached hereto.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff is certified as class representative and Lead Plaintiff's selection of Schoengold Sporn Laitman & Lometti, P.C. as class counsel is approved.

7. The Court finds that the $1.5 million in cash is fair and adequate consideration for the release of all claims of all Class Members and the dismissal of the Action with prejudice. While the Court recognized that Plaintiff claimed that the Remedial Consideration had a certain monetary value, the Court has not ascribed any monetary value to the Remedial Consideration. Accordingly, the Stipulation is approved as fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiff and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Action is hereby dismissed with prejudice and without costs.

9. The members of the Class, on behalf of themselves and each of their respective and their heirs, executors, administrators, predecessors, successors and assigns, shall with respect to each and every Released Claims, release and forever discharge, and shall forever be enjoined from prosecuting, any of the Released Claims against any and all of the Defendants, as well as each of their present or former parents, subsidiaries, affiliates, successors and assigns, and the

present or former officers, directors, employees, agents, attorneys, accountants, financial advisors, representatives, associates, general and limited partners and partnerships, heirs, executors, administrators, successors and assigns of each of them (the "Released Parties") from any and all known and unknown claims, that were asserted or could have been asserted in the action by Plaintiffs or members of the Class against the Released Parties, under state or federal law, including without limitation all claims arising out of, or relating to, in whole or in part, the purchase of and investment in physical precious metals from and through MSDW by its retail customers.

10. The members of the Class and their heirs, executors, administrators, predecessors, successors and assigns, are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly, indirectly, derivatively, or in any other capacity, the Released Claims against the Released Parties. The Released Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice.

11. The Court finds that all parties to the Action and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

> (a) offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or

could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)     offered or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statements or written document approved or made by any Defendant;

(c)     offered or received against Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to or for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)     construed against Defendants or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as, or received in evidence as, an admission, concession or presumption against the Class that any of its claims are without merit or that damages recoverable under the Complaint filed in the Action would not have exceeded the Settlement Fund.

13. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

14. Upon entry of this judgment, Lead Counsel is hereby awarded the sum of $300,000 in fees, which sum the Court finds to be fair and reasonable, and $150,016.44 in reimbursement of expenses, and Class Representative Selwyn Silberblatt is hereby awarded the sum of $1,920 as an award in recognition of his time and effort expended on behalf of the Class, and $840 in reimbursement of his expenses, which amounts shall be paid directly to Lead Counsel and the Class Representative from the Cash Settlement Fund with interest from the date such Cash Settlement Fund was funded to the date of payment at the same net rate that the Cash Settlement Fund earns, notwithstanding that the time to appeal or review has not run, provided Lead Counsel and any other plaintiff's counsel who have been awarded counsel fees and reimbursement of expenses by the Court shall agree to be jointly and severally liable for repayment, together with interest from the date payments were made, within three (3) business days in the event that the fee and expense award is overturned on appeal or otherwise modified by the Court.

15. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for attorneys' fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class members.

16. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the motion for approval of the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses or for an award for class representative as payment for time and effort and reimbursement of expenses.

19. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and the parties shall be returned to their respective positions immediately prior to the execution of the Stipulation.

Dated: New York, New York
November 27, 2007

_____
Honorable P. Kevin Castel
UNITED STATES DISTRICT JUDGE